Hillsborough
No. 81-394

BOYS' CLUB OF NASHUA, INC.

v.

THE ATTORNEY GENERAL,
THE STATE OF NEW HAMPSHIRE

April 2, 1982

*Gottesman & Hollis,* of Nashua (*David M. Gottesman* on the brief and orally), for the plaintiff.

*Gregory H. Smith,* attorney general (*Martha V. Gordon,* assistant attorney general, on the brief and *Paul Barbadoro,* attorney, orally), for the State.

*Sanders & McDermott P.A.,* of Hampton (*Wilfred L. Sanders, Jr.,* on the brief), for the Seacoast Youth Center, Inc., as amicus curiae.

BATCHELDER, J. We are asked in this interlocutory transfer without ruling from the Hillsborough County Superior Court (*Contas,* J.) whether the plaintiff, a charitable non-profit organization, may, pursuant to the provisions of RSA ch. 287-A, conduct a raffle where the prize to be awarded is a "condominium or other piece of real estate." The attorney general's office advised the plaintiff that the statute did not authorize such a raffle, and the plaintiff filed a petition for declaratory judgment. The pertinent section of the statute defines a "raffle" as "a lottery in which each participant buys a ticket for an article or articles put up as a prize with the winner being determined by a random drawing." RSA 287-A:1 I.

The question before us is whether the legislature intended the phrase "article or articles" to include real estate. We hold that it was not so intended and that a raffle of a condominium or other piece of real estate is not permitted by that statute and would, accordingly, be an unlawful lottery in violation of RSA 647:1.

In the development of the law, real estate, by virtue of its unique character, has been accorded special status. Real estate, from and before the inception of the Statute of Frauds, has been conveyed, mortgaged, inherited, and contracted for with considerably more formality than the similar transfer of personalty or chattels. The phrase "article or articles" does not encompass real estate in any form. The word "article" has been construed to mean "some material or tangible object" in a case involving the seizure of pinball machines. *Gayer v. Whelan,* 59 Cal. App. 2d 255, 262, 138 P.2d 763, 767 (1943). In a case interpreting an anti-monopoly statute, a New York court determined that "article of commerce" referred to personalty and not to the sale of realty. *Nasman v. Bank of New York,* 49 N.Y.S.2d 181, 183 (Sup. Ct. 1944).

Our legislature has determined that "[w]ords and

phrases shall be construed according to the common and approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed and understood according to such peculiar and appropriate meaning." RSA 21:2. Applying this rule of construction, we answer the transferred question in the negative. If the underlying statute, RSA ch. 287-A, is to be given a broader meaning, it is a matter for legislation rather than judicial decision.

*Remanded.*

All concurred.